IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ARA HARDY, on behalf of herself and all others similarly situated, | ) ) ) | CASE NO. 1:08 CV 2714 |
| Plaintiffs, | ) ) | |
| v. | ) ) | JUDGE DONALD C. NUGENT |
| MINNESOTA LIFE INSURANCE, COMPANY, (f/k/a Minnesota Mutual Life Insurance Company), | ) ) ) ) | |
| Defendants. | ) ) | **MEMORANDUM OPINION** |

This matter is before the Court upon the Motion to Dismiss Plaintiff's First Amended

Class Action Complaint (Docket #22) filed by Defendant, Minnesota Life Insurance Company.

Plaintiff, Ara Hardy, on behalf of herself and all others similarly situated, asserts that Minnesota

Life unlawfully failed to refund the unearned premiums on credit insurance policies, thereby

retaining millions of dollars in premiums which it has not earned and for which it has provided

no coverage.  Minnesota Life moves the Court to dismiss Plaintiff's claims pursuant to Fed. R.

Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.  Minnesota Life

states that pursuant to the express terms of the contract and applicable case law, it is obligated to

provide a refund once it receives notice of the right to a refund.  Minnesota Life states that

because it received no notice that Ms. Hardy had paid off her loan, it had no way of knowing that

a refund was due.

## I.    Factual Background

The facts as alleged by Ms. Hardy are as follows:

Plaintiff purchased a Ford Taurus from an automobile dealer – Spitzer Ford – in Mentor, Ohio on October 5, 1994. Am. Comp. ¶ 5. The vehicle sale was evidenced by an Ohio retail installment contract between Plaintiff and Spitzer Ford. Am. Comp. ¶ 5. Plaintiff financed her vehicle through Bank One. Am. Comp. ¶ 6.

In connection with the purchase and financing of the car, Plaintiff also purchased a credit life insurance policy issued by Defendant, Minnesota Life. Am. Comp. ¶ 7. The contractual terms are contained in two separate documents attached as Exhibits 1 and 2 to the Amended Complaint: Application/Certificate Group Credit Insurance (Am. Comp. Exhibit 1) and Master Group Credit Insurance Policy (Am. Comp. Exhibit 2). Am. Comp. ¶ 7. Ohio allows insurance companies to issue consumer credit insurance – both credit life and credit accident and health (i.e. disability policies) – in the State of Ohio. *See* Ohio Rev. Code § 3918.01 *et seq*. Credit life and disability insurance policies are issued in connection with a specific loan or other credit transaction. The named beneficiary of these kinds of policies is the creditor who loaned the money for the automobile purchase. Plaintiff paid a one-time premium of $493.69 to Minnesota Life for her credit life policy. Am. Comp. ¶ 9.

Credit insurance exists only as long as the underlying loan exists. By the terms of the policy, the credit insurance coverage ends whenever the underlying loan terminates. Am. Comp. ¶ 13. As part of the insurance policy, if the underlying credit – the loan for the purchased vehicle – is paid off early then the credit insurance terminates and the insured policyholder or certificate holder is entitled to a refund of the unearned premium. Am. Comp. ¶¶ 13-14.

Plaintiff fully paid her loan early. Am. Comp. ¶ 19. Therefore, by the terms of the insurance policy and under Ohio law, Plaintiff is entitled to a return of the premium for the time period beginning from the date the loan was terminated through the remaining term that was left on the loan at the time the loan was terminated. Am. Comp. ¶ 19.  Defendant, however, has not given Plaintiff her refund of unearned premium to which she is legally entitled. Am. Comp. ¶ 20.

-2-

**II.     Minnesota Life's Motion to Dismiss.**

Ms. Hardy's First Amended Complaint sets forth claims for breach of contract (Count I) and unjust enrichment (Count II).  Minnesota Life asks this Court to dismiss both Counts.

**A. .     Breach of Contract**

Minnesota Life filed its Motion to Dismiss on March 10, 2009.  (Docket #22.)  In its Motion, Minnesota Life asked this Court to find notice as an implied condition precedent to its duty to refund Ms. Hardy's unearned premium.  Citing *Tollefson v. Am. Family Ins. Co.*, 226 N.W.2d 280 (Minn. 1974), Minnesota Life argued that Ms. Hardy had personal knowledge of the pay-off of her loan, and because it would have been easier for her to communicate the information to Minnesota Life than it would have been for Minnesota Life to independently track down the information, she was obligated to notify Minnesota Life of the pay-off as a condition precedent to a refund regardless of what was explicitly set forth in the insurance contract.

In its Reply Brief, Minnesota Life introduced an additional argument.  Specifically, Minnesota Life now asserts that pursuant to the express provisions of the Group Policy, which is referenced in the Certificate signed by Ms. Hardy, Minnesota Life agreed to refund any unearned premium **within 30 days of the date it was notified that a premium refund was due** (emphasis added).

The Application/Certificate Group Credit Insurance Single Premium reads in pertinent part:

> **CERTIFICATE OF GROUP CREDIT LIFE AND DISABILITY INSURANCE**
>
> This certificate is issued in consideration of your application and the payment of the required premium.  It summarizes the main provisions of the group policy(ies) that affect you.  You may examine the group policy(ies) at the principal office of

-3-

the policyholder during regular business hours.

**Notice of your right to examine this certificate for 15 days.**

It is important to us that you are satisfied with this insurance. If you are not satisfied, you may return this certificate to us within 15 days of its receipt, and you will receive a full refund of any premiums you have paid within 15 days after we receive your notice of cancellation.

* * *

If your insurance terminates before the scheduled maturity date of your loan or the premium you were charged is greater than the premium required for your age and amount of insurance, the unearned premium will be refunded to you. The method of calculating refunds is the "Rule of 78" for gross benefit decreasing term insurance . . . However, refunds of less than $1.00 will not be made.

The Group Policy referenced above was issued by Minnesota Mutual Life Insurance to

Spitzer Ford, Inc. The Group Policy provides the following with regard to the refund of

unearned premiums:

We will refund any unearned premium if:

(1)     insurance terminated prior to the scheduled maturity date of the eligible loan except upon death of the insured debtor; or

(2)     the premium charged an insured debtor is greater than the premium required for either the debtor's age or amount of insurance.

**We will refund any unearned premium within 30 days of the date we are notified that a premium refund is due the insured debtor.** (Emphasis added.)

Minnesota Life asserts that the language of the Group Policy requires notice to Minnesota

Life before its obligation to refund is triggered. Minnesota Life asserts that because it was never

notified of Ms. Hardy's early loan termination, or that Ms. Hardy was entitled to a refund, her

breach of contract claim should be dismissed. In addition to the above, Minnesota Life continues

argue that even if the Group Policy did not contain an express notice provision, notice as a

-4-

condition precedent should be implied because Ms. Hardy could have readily notified Minnesota Life of the early pay-off of her loan, whereas Minnesota Life could not have easily learned of the facts entitling Ms. Hardy to a refund.

Ms. Hardy filed her Memorandum in Opposition to Defendant's Motion to Dismiss on April 9, 2009 (Docket #23) and also filed a Sur-Reply Brief on June 8, 2009 to address the new argument raised by Minnesota Life (Docket #31). Ms. Hardy argues that the Group Policy provision regarding notice merely establishes a thirty-day timeline within which Minnesota Life must make a refund. Ms. Hardy asserts that the insurance contract is silent as to the person or entity responsible for notification, thereby placing no duty on Ms. Hardy to notify Minnesota Life of the loan pay-off. Ms. Hardy argues that to the extent the Court may find the provisions of the Certificate of Insurance and Group Policy to be ambiguous, any doubts must be construed against Minnesota Life and the Motion to Dismiss should be denied. *See Buckeye Union Ins. Co. v. Price*, 39 Ohio St. 2d 95, 313 N.E.2d 844 (1974); *Csulik v. Nationwide Mut. Ins. Co.*, 88 Ohio St. D 17, 20, 723 N.E.2d 90, 92 (2000).

Citing 8 Corbin on Contracts § 37.11(1999), Ms. Hardy asserts that Minnesota Life had access to notice of the early loan termination and, that where the facts of notice can be discovered by either party to the contract, notice is not a condition precedent to performance. Further, Ms. Hardy maintains that Ohio Administrative Code § 3901 requires insurance companies to communicate with creditors and that Minnesota Life is statutorily required to obtain "notice" of terminated loans and refunds owed. Ms. Hardy asserts that Ohio Revised Code §§ 3918.05 and 3918.08, governing refunds of unearned premiums, are incorporated into the insurance contract and that no conditions precedent, whether express or implied, are permissible because the duty to

refund is unconditional.

In addition to the above, Ms. Hardy argues that it would be inequitable to dismiss this lawsuit, as Minnesota Life is in possession of unearned premiums which must be refunded.

In response, Minnesota Life argues that Ohio Administrative Code § 3901 does not obviate the notice requirement in the Group Master Policy and does not excuse Ms. Hardy from an obligation to provide notice. Minnesota Life asserts that the language in the insurance contract is clear and unambiguous. Further, Minnesota Life states that contrary to Ms. Hardy's assertion, it does not have the same or substantially equivalent sources of information through which to determine a loan has been paid off. Minnesota Life asserts that while Ms. Hardy could provide notification of the early pay-off with minimal effort and without incurring any cost, Minnesota Life could only determine an early pay-off through an extremely costly, laborious and time consuming process. Therefore, even if the Group Policy did not contain an explicit notice provision, Minnesota Life argues that notice is still a condition precedent to a refund. Minnesota Life asserts that it stands ready and willing to pay said refund upon notice of the date which the loan was paid in full and, therefore, Ms. Hardy's argument that dismissal would result in inequity is unfounded.

In addition to the foregoing, Minnesota Life maintains that Ms. Hardy has not pled facts sufficient to establish a breach of contract, as she has not yet provided the date on which she actually paid off her loan, thereby making it impossible to calculate the premium refund purportedly owed. Minnesota Life asserts that there is nothing in the First Amended Complaint stating that the refund due is at least one dollar and, therefore, that the First Amended Complaint must be dismissed.

-6-

**B.     Unjust Enrichment**

In its Motion to Dismiss, Minnesota Life argues that Ms. Hardy's unjust enrichment

claim is barred by the statute of limitations. Ms. Hardy does not dispute that the statute of

limitations has run as to her unjust enrichment claim and, therefore, does not object to the

dismissal of that claim.

**III.     Standard of Review**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) allows a defendant to

test the legal sufficiency of a complaint without being subject to discovery. *See Yuhasz v. Brush*

*Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003). In evaluating a motion to dismiss, the court

must construe the complaint in the light most favorable to the plaintiff, accept its factual

allegations as true, and draw reasonable inferences in favorable of the plaintiff. *See Directv, Inc.*

*v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). The court will not, however, accept conclusions of

law or unwarranted inferences cast in the form of factual allegations. *See Gregory v. Shelby*

*County*, 220 F.3d 433, 446 (6th Cir. 2000).

In order to survive a motion to dismiss, a complaint must provide the grounds of the

entitlement to relief, which requires more than labels and conclusions, and a formulaic recitation

of the elements of a cause of action. *See Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65

(2007). That is, "[f]actual allegations must be enough to raise a right to relief above the

speculative level, on the assumption that all the allegations in the complaint are true (even if

doubtful in fact)." *Id.* (internal citation omitted); *see Association of Cleveland Fire Fighters v.*

*City of Cleveland*, No. 06-3823, 2007 WL 2768285, at *2 (6th Cir. Sept. 25, 2007) (recognizing

that the Supreme Court "disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*,

355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed.2d 80 (1957)"). Accordingly, the claims set forth in a complaint must be plausible, rather than conceivable. *See Twombly*, 127 S. Ct. at 1974.

On a motion brought under Rule 12(b)(6), the court's inquiry is limited to the content of the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *See Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001).

**IV.     Discussion.**

In her First Amended Complaint, Ms. Hardy claims to have satisfied all conditions precedent to a refund of unearned premiums and that Minnesota Life failed to provide said refund. While the applicable Group Policy states that Minnesota Life will provide a refund, when due, within 30 days of being notified that a refund is due, the contract is silent as to who is required to provide notice and by what means. Therefore, the Court finds the insurance contract to be ambiguous. If Ms. Hardy complied with the conditions precedent to a refund, as alleged in the First Amended Complaint, and Minnesota Life failed to provide the refund, she could prevail on her breach of contract claim. *Hrnyak v. Mid-West National Life Insurance Co.*, Case No. 1:08 CV 2642, unreported, 2009 U.S. Dist. LEXIS 23377 at *12-13 (N.D. Ohio March 20, 2009.) Accepting the allegations in the First Amended Complaint relative to Ms. Hardy's breach of contract claim as true, Ms. Hardy has stated claims sufficient to withstand dismissal.

Ms. Hardy concedes that her unjust enrichment claim is barred by the statute of limitations. Therefore, dismissal of said claim is appropriate.

**V.      Conclusion**

Based on the foregoing, Minnesota Life's Motion to Dismiss the First Amended

Complaint is hereby DENIED IN PART and GRANTED IN PART. The Motion to Dismiss is

denied as to Ms. Hardy's breach of contract claim. The Motion to Dismiss is granted as to Ms.

Hardy's unjust enrichment claim.

DONALD C. NUGENT
United States District Judge

DATED: June 25, 2009

-9-